**UNITED STATES of America,**

v.

**Brittian Perry DAY, Defendant.**

**Criminal No. 04–0358 (PLF).**

United States District Court,
District of Columbia.

May 8, 2006.

John W. Karr, Theodore S. Allison, Karr & Allison, PC, Washington, DC, for Defendant.

Jeannie S. Rhee, Sarah Townsend Chasson, U.S. Attorney's Office, Washington, DC, for Plaintiff.

## *MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant Brittian Perry Day's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). On April 20, 2005, after a jury trial, defendant was found guilty on all 22 counts of the indictment filed against him: six counts of mail fraud under 18 U.S.C. § 1341; ten counts of wire fraud under 18 U.S.C. § 1343; five counts of theft or embezzlement from an employee benefit plan under 18 U.S.C. § 664; and one count of fraud in the first degree under D.C.Code §§ 3221 and 3222. On April 6, 2006, the Court sentenced Mr. Day to 108 months' incarceration, followed by three years' supervised release. The defendant filed a notice of appeal on April 17, 2006.

The relevant provision of the Bail Reform Act of 1984 states that the Court

shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to ... the community ... and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The government has never contended, and does not now argue, that Mr. Day is likely to flee, that he poses a danger to the community, or that his appeal was filed for purposes of delay. Nonetheless, the Court denies Mr. Day's motion for release because his appeal (as portrayed in his motion for bond) does not raise a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence of imprisonment.

■ In considering a motion for bond pending appeal under 18 U.S.C. § 3143(b), the district court must follow a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal? *See United States v. Perholtz*, 836 F.2d 554, 555 (D.C.Cir.1988) (per curiam). A substantial question is "a 'close' question or one that very well could be decided the other way." *Id.* The sole ground for appeal raised in Mr. Day's motion for bond pending appeal is the Court's exclusion of four expert witnesses proffered by the defendant to testify as to Mr. Day's inability, as a result of medical and psychiatric conditions, to form the *mens rea* (specific intent) required for a mail or wire fraud conviction. The Court excluded the first three of these witnesses, Drs. Abbas Alavi,

Arthur M. Horton, and Edgar Garcia–Rill, after a three-day hearing, on February 24, 2005. The Court excluded the final witness, Dr. Michael Spodak, after a two-day hearing, on March 25, 2005.[1]

### A. Exclusion of Drs. Alavi, Horton, and Garcia–Rill

■ The first three experts proffered by the defendant and excluded by the Court were Dr. Abbas Alavi, a professor of radiology and nuclear medicine; Dr. Arthur M. Horton, a neuropsychologist; and Dr. Edgar Garcia–Rill, a neuroscientist. Defendant proposed to use the testimony of these three witnesses to negate the *mens rea* element of the charged crimes by showing that, because of depression and the long-term effects of strokes and "transient ischemic attacks," Mr. Day was unable to formulate the specific intent required to commit the charged offenses. Accepting defendant's argument that this is a legally recognized defense, the Court conducted a *Daubert* hearing on February 18 and February 23, 2005 to consider the admissibility of the proffered testimony and heard oral argument on the issue on February 24, 2005.

On February 25, the Court issued an Order rejecting the proffered expert testimony on two related grounds: First, the Court concluded that the testimony was unreliable and unhelpful under Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The defendant's key witness, Dr. Garcia–Rill, is not a medical doctor but a research scientist, and thus was unqualified to render a diagnosis of any psychiatric or medical condition from which Mr. Day might have been suffering at the time he committed the charged offenses.[2] Second, the proffered testimony failed to meet the standards governing the limited circumstances in which expert testimony as to *mens rea* is permissible, as articulated by the D.C. Circuit in *United States v. Childress*, 58 F.3d 693, 728 (D.C.Cir.1995).

Defendant's appeal of this decision does not raise a "substantial question of law" under 18 U.S.C. § 3143(b) because the Court accepted the legal theory underlying defendant's *mens rea* defense. *See, e.g.*, 2/23/05 Transcr. at 137:12–21. In fact, it instructed the jury on that theory at the conclusion of the trial.[3] In addition, while excluding the experts, the Court permitted defendant to present at trial lay witnesses who testified that they had witnessed a decline in Mr. Day's mental functioning in recent years.

1. The reasons underlying the Court's decisions were explained briefly in the Orders excluding the witnesses, and more expansively in open court.

2. The other two witnesses, Dr. Alavi and Dr. Horton, did not purport to offer any diagnosis of Mr. Day, but simply reported and explained the results of examinations (a P.E.T. scan and a battery of neuropsychological tests) they had conducted on him. Their expert testimony thus did not stand alone; rather, Dr. Garcia–Rill incorporated their results into his "diagnosis" of Mr. Day.

3. The jury was instructed on "Defendant's Theory of the Case" as follows:

Defendant's theory of the case is that the evidence presented by the prosecution has not proved beyond a reasonable doubt that Mr. Day was able to form the specific intent to commit the crimes with which he is charged, given the emotional confusion caused by the deaths of his partner, James Apicella, and many of his friends, and the illness of Michael Burns, and the physical damages he suffered from strokes in 1996, 1999 and 2000, and that the evidence presented by the prosecution was insufficient to prove beyond a reasonable doubt the remaining elements of the crimes with which Mr. Day is charged in the counts of the superseding indictment.

The Court excluded the proffered expert testimony not on the basis of its resolution of a pure question of law, but on its consideration of the reliability of the expert testimony and expert reports, the relevance of this particular testimony to a legally acceptable theory of lack of *mens rea,* and its potential usefulness in helping the jury determine ultimate issues of fact. *See United States v. Childress,* 58 F.3d 693; *United States v. Pohlot,* 827 F.2d 889 (3d Cir.1987); *United States v. Mezvinsky,* 206 F.Supp.2d 661 (E.D.Pa.2002). These questions required close attention to the proffered testimony and careful analysis of the applicable standards under *Childress* and other cases, but the ultimate decision to exclude the proffered evidence was not a "close" one. *See United States v. Perholtz,* 836 F.2d at 555. Whatever relevance the proffered testimony might have had was significantly outweighed by its lack of reliability and potential to confuse the jury or induce it to consider an impermissible "diminished responsibility" defense. *See United States v. Childress,* 58 F.3d at 730.

Evidentiary determinations such as this one are reviewed by the court of appeals for abuse of discretion, and thus are less likely to result in reversal on appeal than a district court's resolution of an issue of law which is reviewed *de novo.* See *Kumho Tire v. Carmichael,* 526 U.S. 137, 141–42, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (citing *General Electric Co. v. Joiner,* 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)) (district court's decision to exclude testimony under *Daubert* is reviewed for abuse of discretion); *United States v. Childress,* 58 F.3d at 728; *United States v. Clarke,* 24 F.3d 257, 268 (D.C.Cir.1994) (trial court has "broad discretion regarding the admission or exclusion of expert testimony, and reversal of a decision on these matters is appropriate only when discretion has been abused"). Because defendant's appeal on this issue does not raise a "substantial" question of law or fact

likely to result in reversal, defendant is not entitled to bond on this basis.

### B. Exclusion of Dr. Spodak

On March 28, 2005, the Court excluded the proffered expert testimony of Dr. Michael Spodak, a forensic psychiatrist who examined Mr. Day and concluded that from 1999 through 2004, Mr. Day had suffered from psychiatric or neuropsychiatric conditions that impaired his critical judgment and ability to make complex plans and decisions. Defendant first announced his intent to proffer this testimony on March 13, 2005, and did not make Dr. Spodak's expert report available to the government and to the Court until March 17, 2005. Trial was scheduled to begin on March 29. The government filed a motion to strike Dr. Spodak's testimony, and the Court held a *Daubert* hearing on March 21, 24 and 25, 2005.

The Court excluded Dr. Spodak's testimony on two grounds: First, the defendant had failed manifestly to comply with Rule 16(b)(1)(C)(ii) of the Federal Rules of Criminal Procedure, which requires a defendant to provide, on the government's request, a written summary of expert testimony the defendant intends to use at trial. The Court concluded that, under the circumstances, exclusion of the evidence was an appropriate sanction for defendant's non-compliance with the Rule. Alternatively, the Court again found that the proffered evidence was inadmissible under *United States v. Brawner,* 471 F.2d 969 (D.C.Cir.1972), and *Childress. See* Order of March 29, 2005.

Unlike Dr. Garcia–Rill, Dr. Spodak was qualified to render a medical diagnosis of Mr. Day. Dr. Spodak's exclusion therefore was a somewhat closer question than the exclusion of the earlier witnesses. Nonetheless, the Court's balancing of the relevance and helpfulness of the evidence against its potential to confuse the jury is, in the Court's mind, not a question "that

very well could [have been] decided the other way." *United States v. Perholtz*, 836 F.2d at 555. Furthermore, even if the exclusion of Dr. Spodak under *Brawner* and *Childress* raises a "substantial" question, a favorable ruling on appeal on that issue would not "be likely to lead to reversal" under 18 U.S.C. § 3143(b), because the *primary* ground for exclusion was defendant's failure to comply with Rule 16. While not undertaken lightly, the imposition of the sanction of exclusion is a discretionary determination that in this case was entirely appropriate (and which defendant does not purport to challenge on appeal). *See United States v. Johnson*, 970 F.2d 907, 912 (D.C.Cir.1992) (exclusion of witness proffered by criminal defendant as a discovery sanction was decision within trial court's discretion) (citing *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)). Therefore, defendant's appeal of the exclusion of Dr. Spodak's testimony is insufficient to justify defendant's request for bond.[4] Accordingly, it is hereby

ORDERED that [96] defendant's motion for release pending appeal is DENIED.

SO ORDERED.

---

4. On May 4, 2006, defendant filed a supplement to his motion for release pending appeal, asserting that he has a "strong" issue on appeal based on the Supreme Court's May 1, 2006 holding in *Holmes v. South Carolina*, —— U.S. ——, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). The Court disagrees. While *Holmes* reiterates the principle that the Constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote," *id.* at 1728, it also states explicitly that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* "[T]he Constitution permits judges 'to exclude evidence that is repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Id.* at 1729 (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)) (modifications in original). The standards articulated in *Childress* and *Brawner* constitute just such a "well-established rule of evidence," and defendant's appeal on this ground—if he chooses to pursue it—does not raise a substantial question of law.